BIRD v. LEATHER COMPANY.

(Filed December 11, 1906).

*Master and Servant—Fellow-servant Act—Manufacturing Plant—Negligence —Contributory Negligence —Question for Jury—Evidence.*

1. The Fellow-servant Act applies to a corporation chiefly engaged in manufacturing, which, in connection with and in aid of its primary purpose, owns and operates a railroad having its own engines, cars, crews, etc.

2. Where the testimony shows that plaintiff, a foreman of a force unloading cars, engaged in the performance of his duty, was injured because some cars, which had been stopped on an incline thirty steps away, commenced to move without warning to plaintiff and, rolling down the incline, struck the car on which plaintiff was standing doing his work, and caused the injury, the Court properly submitted the case to the jury, it being the duty of the engine crew to place and securely scotch the cars on the incline, there to remain until moved by plaintiff's order.

3. Direct evidence of negligence is not required, but the same may be inferred from acts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence.

4. When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

5, Where the plaintiff testified that he was applying the brakes in the customary and usual way when he was injured by a collision with cars that rolled unexpectedly down an incline, and being stationed between two cars loaded with bark, it is not likely he could have noted the approach of the cars, and the evidence shows that he had not noted their approach, the Court properly declined to hold as a matter of law that plaintiff was guilty of contributory negligence.

ACTION by V. W. Bird against U. S. Leather Company, heard by *Judge C. M. Cooke* and a jury, at the September Term, 1906, of the Superior Court of McDowell.

There was evidence tending to show that defendant was a corporation engaged in the business of manufacturing leather and extracting tannic acid, and also owned and operated about ten miles of steam railway, standard gauge, in and about their plant at Old Fort, N. C., having their own engines, cars, crews, etc.

That plaintiff, an employee of defendant company, and foreman of a lot of hands engaged in unloading cars of defendant, on or about 20 December, 1904, was injured under the following circumstances:

The defendant had a railway track laid on their grounds at Old Fort, running from the bark shed to the chipper-house; here, the cars entered the chipper-house shed, were moved along the track opposite the chipper machines placed at intervals, and unloaded. This track, as it approached the chipper-house shed, was on a downward incline, and the method pursued here was for the engine and crew of defendant company to push the loaded cars to a point near the chipper-house shed, where they were stopped and left by this crew and scotched

or held by brake till the chipper-house crew was ready to unload them.

That the engines were not allowed under the shed, but when the cars were to be unloaded, plaintiff and his gang pushed them along under the chipper-house shed, unloaded the cars, moving them along the track when this was done to the further end of the shed, where they were taken by the switching engines and carried away.

On this occasion, plaintiff and his hands were engaged in unloading cars under the shed and were moving the cars along the track so as to put them in position for unloading, and in the performance of his duty plaintiff got on the cars to apply the brakes and stop them at the proper point. That plaintiff had one foot on one car and one on the other when applying the brakes, and that plaintiff was following the customary way of using the brakes in cars of that kind. That these cars were of different heights, one being a Southern Railway car, 12 to 14 inches higher than the other, coupled by a goose-neck. If they had been of the same height, he could have placed his feet on the body of each car and probably have escaped an injury. That while plaintiff was in this position, in the act of applying the brakes, several other tannery cars, which had been left on the track by the engine crew some thirty steps away, moved from their position and rolled down the incline, striking the car on which plaintiff was standing, causing a collision and doing plaintiff severe injury.

Plaintiff testified that he had given no orders to any of his men to move the cars which were on the incline.

Testifying as to the duties concerning them, plaintiff stated on examination: "I don't know who put the brakes on those tannery cars (those on the incline). The engine gang did that. It was their duty to bring the cars there and stop them on the incline; and it was the duty of my force to bring them down when we were ready to unload them."

J. C. Moore, witness for plaintiff, testified: "We were moving the cars into place when plaintiff jumped up on it to put the brakes on and stop them at the proper point. I was pushing it down, and about a second after Byrd got up, the tannery company's car hit me on the back. I looked round and saw plaintiff's foot caught between the cars."

The three ordinary issues in actions for negligence were submitted: 1. Negligence of defendant. 2. Contributory negligence of plaintiff. 3. Damage.

Verdict and judgment for plaintiff, and defendant excepts because the Court declined to charge, as requested, that on the entire evidence, if believed, the jury should answer the first issue "No" and the second issue "Yes."

*Hudgins & Watson* and *Frank Carter* for the plaintiff.
*E. J. Justice* for the defendant.

HOKE, J., after stating the case: The Court is of opinion that neither objection assigned for error by defendant can be sustained.

The facts show that defendant, a corporation chiefly engaged in the manufacture of leather and extraction of tannic acid, in connection with and in aid of its primary purpose, owns and operates a railroad, having its own engines, cars, crews, etc.; and in such case, the Court has held that the act known as the Fellow-servant Act, chapter 56, Private Laws 1897, applies, and will affect the right of litigants for actionable negligence occurring in that department or portion of their work. *Hemphill v. Lumber Co.*, 141 N. C., 487. This being true, the Judge below could not have properly charged, as requested, that there was no evidence to go to the jury on the first issue.

The testimony in the case shows that plaintiff, engaged in the performance of his duty, was injured because some cars, stopped on an incline thirty steps away, commenced to move,

and, rolling down an incline, struck the car on which plaintiff was standing doing his work, and caused the injury. These cars were placed there by the engine crew, and should have been securely stopped by brake or scotched on the incline to remain till they were moved into the yard by plaintiff's force.

He had given no order for moving these cars, and to move them upon him without warning at the time, and engaged as plaintiff then was, was very likely to cause injury to some one; and the injury resulted.

There is no explanation given by direct evidence as to the starting of the cars, but it can hardly be explained without imputing negligence to some of the defendant's employees. Certainly, the great probability is either that the engine crew, whose duty it was to place and scotch these cars, had not done their work properly, or some one of the force, without direction and without the exercise of proper care, had started the cars at this inopportune time.

In either case, the plaintiff was entitled to have the question go to the jury.

In *Fitzgerald v. Railway,* 141 N. C., 530, the Court has held: "Under the Fellow-servant Act, which operates on all employees of railroad companies, whether in superior, equal, or subordinate positions, if the plaintiff, a hostler of the defendant, was injured as the proximate cause of the negligence of his helpers in shoveling coal from a car into a tender, the defendant is responsible. Direct evidence of negligence is not required, but the same may be inferred from acts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence. When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not

happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

Applying these principles to the facts disclosed, there was no error in refusing the request of defendant on the first issue.

On the second issue, the Court is of opinion that there is very little evidence that tends to show contributory negligence, and certainly none that would justify the charge requested by defendant.

The plaintiff testified that he was applying the brakes in the customary and usual way when he was injured by a collision with these cars that had rolled unexpectedly down the incline. Stationed between two cars loaded with bark, it is not likely he could have noted the approach of the other cars, and the evidence shows clearly that he did not note their approach. So far as appears, he was in the customary position to do the work, and he had taken the best one that was open to him. He was not injured at all by reason of the position he had taken as affected by the condition and action of the cars or hands where he was then working; and he was not, under the circumstances of this case, required to anticipate a negligent act on the part of the engine crew or his own co-employees. Beach on Contributory Negligence, sec. 38.

The case is not unlike that of *Hudson v. Railway,* at the present term, and the Court is of opinion that there is no error shown which gives defendant any just ground of complaint.

No Error.