J. B. TAYLOR, *Plaintiff in Error*, v. PRAIRIE PEBBLE PHOS-
PHATE COMPANY, A CORPORATION, *Defendant in Error*.

1.  A corporation or company engaged in phosphate mining, and
    as an incident thereto operates trolley engines and cars for
    hauling the phosphate, is not "a railroad company" within
    the terms and meaning of sections 3148, 3149 and 3150 Gen-
    eral Statutes of 1906.

2.  It is within the province of the legislature to modify the
    common law rules regulating employers' liability, and a wide
    discretion is accorded the law making power in determining
    the subjects as well as the character and extent of regulations
    designed to promote the general welfare, the limitations im-
    posed by the Federal Constitution being designed merely to
    prevent arbitrary abuses of State authority,

3.  The statutory provisions modifying the common law rules
    regulating employers' liability for injuries to employees
    caused by the negligence of fellow servants should be fairly
    construed to accomplish the legislative intent, but the terms
    of the statute should not be extended beyond the real mean-
    ing and import as determined from the subject and object of
    the law.

4.  The master is required to exercise reasonable care in the
    selection of employees who are to work with others, and in-
    jury proximately resulting to an employee from the breach of
    this duty renders the master liable unless the injured em-
    ployee knew or should have known of the master's negligence
    and assumed the risk accruing therefrom.

5.  Contributory negligence and assumed risk are matters of af-
    firmative defense and should be pleaded and proven by the
    defendant unless they appear in the case made by the plain-
    tiff.

6.  Allegations that the defendant negligently and carelessly put
    in charge of an engine an engineer who was careless, reckless
    and negligent of defendant's duty to plaintiff, that the engi-
    neer was incompetent, negligent and careless, which fact was

known or should have been known to defendant and was unknown to plaintiff and that said engineer carelessly, negligently and wrongfully caused the engine to suddenly and unexpectedly jerk forward whereby plaintiff, an employee, was injured, states a breach of defendant's duty.

This case was decided by Division A.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*J. W. Brady,* for Plaintiff in Error;

*Wilson & Swearingen,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment dismissing an action upon sustaining a demurrer to an amended declaration claiming damages for personal injuries received by J. B. Taylor in having a leg crushed by a trolley engine while acting as switchman thereon.

It does not appear that the defendant corporation was or is a railroad company, but the inference drawn from the pleading is that the defendant is not a railroad company, though it operates a trolley engine and cars in hauling phosphate incident to mining operations.

Sections 3148, 3149, 3150 originally Chapter 4071 Acts of 1891, modifying to some extent the common law rules regulating the liability of employers for injuries to employees, apply only to "a railroad company." A corporation or company engaged in phosphate mining, and as an incident thereto operates trolley engines and cars for hauling the phosphate, is not "a railroad company" with-

in the terms and meaning of the sections referred to.  See McKivergan v. Alexander & Edgar Lumber Co., 124 Wis. 60, 102 N. W. Rep. 332; Railey v. Garbutt & Co., 112 Ga. 288, 37 S. E. Rep. 360; Bradford Const. Co. v. Heflin, 88 Miss. 314, 42 South. Rep. 174, 8 Ann. Cas. 1077.  Contrary authorities are predicated upon differently worded statutes.  Schus v. Powers-Simpson Co., 85 Minn. 447, 89 N. W. Rep. 68; Kline v. Minnesota Iron Co., 93 Minn. 63, 100 N. W. Rep. 681; Kibbe v. Stevenson Iron Min. Co., 136 Fed. Rep. 147; Bird v. U. S. Leather Co., 143 N. C. 283, 55 S. E. Rep. 727; Hemphill v. Buck Creek Lumber Co, 141 N. C. 487, 54 S. E. Rep. 420; Powell v. Sherwood, 162 Mo. 605, 63 S. W. Rep. 485; Lodwick Lumber Co. v. Taylor, 39 Tex. Civ. App. 302, 87 S. W. Rep. 358; Mounce v. Lodwick Lumber Co., Tex. Civ. App.    , 91 S. W. Rep. 240.

It is within the province of the legislature to modify the common law rules regulating employer's liability, and a wide discretion is accorded the law making power in determining the subjects as well as the character and extent of regulations designed to promote the general welfare, the limitations imposed by the Federal Constitution being designed merely to prevent arbitrary abuses of State authority.  Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680 and cases there cited; State v. Atlantic Coast Line Ry. Co., 60 Fla. 218, 54 South. Rep. 900; Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001, 20 L. R. A. (N. S.) 126; King Lumber & Mfg. Co. v. Atlantic Coast Line Ry., 58 Fla. 292, 50 South. Rep. 509; Mobile, Jackson & K. C. R. Co. v. Hicks, 91 Miss. 273, 46 South. Rep. 360; Louisville & N. R. Co. v. Melton, 218 U. S. 36, 218 Sup. Ct. Rep. 36; Mobile, Jackson & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. Rep. 136; see useful rules formulated by Mr. Justice VAN

DEVANTER and incorporated in the opinion of the court in Lindsley v. Natural Carbonic Gas Co.,     U. S.    , 31 Sup. Ct. Rep.    , decided March 13th, 1911.

The statutory provisions modifying the common law rules regulating employers' liability for injuries to employees caused by the negligence of fellow servants should be fairly construed to accomplish the legislative intent, but the terms of the statute should not be extended beyond their real meaning and import as determined from the subject and object of the law. See Beeson v. Busenbark, 44 Kan. 669, 25 Pac. Rep. 48. If the legislature had intended sections 3148, 3149 and 3150 to apply to any character of railroad operations it would have used more comprehensive terms as was done in sections 2868 *et seq.* of the General Statutes of 1906, where it is provided that "every railroad company, or person or persons operating any railroad or railway in the State of Florida shall erect a fence on each side of the railroad track or be liable for double damages for stock killed, &c." The sections relating to liability for injury to employees is limited to injuries "by a railroad company by the running of the locomotives or cars, or other machinery of such company." The difference between the statutes is significant. See Atlantic Coast Line Ry. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712.

The master is required to exercise reasonable care in the selection of employees who are to work with others, and injury proximately resulting to an employee from the breach of this duty renders the master liable unless the injured employee knew or should have known of the master's negligence and assumed the risk accruing therefrom. 1. Labatt on Master & Servant, sections 178-184 *et seq.* and authorities cited.

It is alleged that the defendant "negligently and care-

lessly put in charge of said engine an engineer who was careless, reckless and negligent of the defendant's duty to this plaintiff, and while the plaintiff was dismounting from said engine for the purpose of changing the said switch, and while using due care and caution for his own safety, said defendant company, by its said engineer * * * carelessly, negligently and wrongfully caused said trolley engine, suddenly and unexpectedly to jerk forward whereby plaintiff, being in the act of dismounting, and using all due care and caution for his own safety, was thrown violently forward and downward and his right leg thrown under said engine causing the wheels thereof to break said limb in four places and to crush plaintiff's ankle," &c.  It is also alleged that the engineer "was incompetent, negligent and careless, which fact was known or should have been known to the defendant and was unknown to this plaintiff."

The allegations as to the negligence of the defendant in selecting and employing the engineer and that the plaintiff was proximately injured by such negligence could be made more precise and direct, but they are sufficient to rescue the declaration from the demurrer.

Contributory negligence does not appear from the declaration.  It is a matter of defense to be specifically pleaded and proven by the defendant unless it appears in the case made by the plaintiff.  Assumed risk is likewise a matter of affirmative defense.  German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740, text 750.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.