Cummer Lumber Company, a Corporation, *Plaintiff in Error*, v. Annie M. Silas, *Defendant in Error*.

Division B.

Opinion filed December 30, 1929.

Petition for rehearing denied February 3, 1930.

*Marks, Marks & Holt* and *L. W. Duval,* for Plaintiff in Error;

*Hampton & Greene,* for Defendant in Error.

BUFORD, J.—The plaintiff in error, defendant in the court below, was operating a lime rock quarry in Marion county. A part of the process of producing the rock from the quarry was performed by blasting the rock with high explosives which loosened the rock from its bed. The rock was then picked up with steam shovels, loaded into conveyors and carried to the crushing plant.

It appears that the plaintiff in error owned more than one rock quarry and it became expedient to transfer a steam shovel from one rock quarry to the one where the injury and death complained of in this suit occurred. The steam shovel moved under its own power on caterpillar gear. It had arrived at the rock pit and was being conveyed down an incline from the outside ground level to the bottom of the pit. Grover E. Silas was a master mechanic and had charge of the moving of the steam shovel. Mitch Ford was physically handling the machinery in the operation of moving the steam shovel into the pit. The dipper was suspended on a crane forming a part of the equipment and was drawn up by the machinery into the air. Silas was standing on the incline way in front of the machine and under the dipper when the ratchet which held the dipper suspended slipped. The dipper fell upon Silas and killed him. There is no evidence that the appliances were weakened, worn or defective.

The operation referred to was being performed in the night time so that the steam shovel would be in place in the pit to begin work the next morning. The time and place

of moving the shovel and the manner of its moving was of the choosing of, and under the direction of, Silas, the deceased. The plaintiff in the court below, the widow of the deceased, instituted and maintained her action upon the theory that the liability of the defendant was controlled by the statutes in this State in regard to persons, firms and corporations engaged in certain hazardous occupations. The hazardous occupations to which the statutes referred to apply are named in Section 4971, Rev. Gen. Stats. of Fla., Section 7658, Comp. Gen. Laws 1927, which reads as follows:

"That this article shall apply to persons, firms and corporations engaged in the following hazardous occupations in this State; namely, railroading, operating street railways, generating and selling electricity, telegraph and telephone business, express business, blasting and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity."

Plaintiff in the court below maintained that the defendant was engaged in the occupation of blasting and dynamiting. The evidence shows conclusively that there was no blasting or dynamiting being engaged in by the defendant at the place involved at the time the injury and death occurred. The evidence also shows that the machinery being moved and the moving of which caused the death, was not a machine, the purpose of which was to be used in blasting or dynamiting. Neither does the evidence show that the defendant was engaged in the occupation of blasting and dynamiting. The evidence shows that the defendant was engaged in the occupation of mining lime rock and that blasting and dynamiting was an incident to the occupation of mining the rock and that it was an incident

entirely unconnected with the cause of the death of the deceased. The mere fact that defendant in its business of mining lime rock deemed it expedient to use and did use the process of blasting and dynamiting to loosen the rock did not bring it within the purview of the statute in such a way as to make it liable under the statute for injury to an employee who happened to be injured while performing the duties for which he was employed in connection with other work incident to the operation of mining and when blasting and dynamiting had no causal connection with the injury. If the contention of the plaintiff in the court below was tenable then if the deceased had been killed any distance away from the rock pit but by the operation of the steam shovel in moving it from Newberry, where it had been used, to Kendrick, the place where the accident occurred, the defendant in the court below would have been liable under the provisions of our statutes above referred to.

In Prarie Pebble Phosphate Co. v. Taylor, 64 Fla. 403, 60 So. R. 114, enunciating the rule of liability obtaining in this State in those cases which do not come within the hazardous occupations statute, the Court say:

"The common law rule is that when an employer has fully performed his duty to an employee, the employee assumes the obvious risks of danger in employment voluntarily engaged in when he is capable of understanding and appreciating such risks and dangers, and the employer is not liable in damages for injuries to the employee caused by the negligence of a fellow servant when the master does not by his negligence or other conduct proximately contribute to the injury.

"If the master is negligent in his duty to take proper care in the selection of those who are to work with other employees he may be liable in damages for

injuries proximately resulting from such negligence if recovery by the injured party is not barred by reason of contributory negligence; but in such case the negligence of the master and resulting injury must be properly alleged and must be proven as alleged.''

The facts in this case are analogous to the facts in the case of Stearns & Culver Lbr. Co. v. Fowler, 58 Fla. 362, 50 So. R. 680, in which the Court say:

"Whatever may be the true rule as to the status of a conductor on a train of a railroad system, the conductor or 'boss' or 'foreman' of a log train belonging to and used solely by a saw mill company only for its own mill purposes, who has no authority to employ or discharge an employee and who is in authority subordinate to others engaged in the same business, is not in law necessarily the representative of the master discharging a duty peculiarly devolving upon the master while signaling the movements of a machine used in loading the log train so as to give a right of action against the master by an employee who is injured by the moving of the loading machine because of alleged negligence of the conductor or boss in signaling, where no negligence is shown in the performance of duties cast properly upon the master. See McCosker v. L. I. Ry., 84 N. Y. 77; Shank v. Edison El. Co., —Pa. —, 74 Atl. R. 210.''

In Taylor v. Prarie Pebble Phosphate Co., 61 Fla. 455, 54 So. R. 904, this Court say:

"It does not appear that the defendant corporation was or is a railroad company, but the inference drawn from the pleading is that the defendant is not a railroad company, though it operates a trolley engine and

cars in hauling phosphate incident to mining operations. Sections 3148, 3149, 3150, originally Chapter 4971, Acts of 1891, modifying to some extent the common law rules regulating the liability of employers for injuries to employees, apply only to 'a railroad company.' A corporation or company engaged in phosphate mining, and as an incident thereto operates trolley engines and cars for hauling the phosphate, is not 'a railroad company' within the terms and meaning of the sections referred to. See McKivergan v. Alexander & Edgar Lumber Co., 124 Wisc. 60, 102 N. W. R. 332; Railley v. Garbutt & Co., 112 Ga. 288, 37 So. E. R. 360; Bradford Construction Co. v. Heflin, 88 Miss. 314, 42 So. R. 174, 8 Ann. Cas. 1077. Contrary authorities are predicated upon differently worded statutes. Schus v. Powers-Simpson Co., 85 Minn. 447, 89 N. W. R. 68; Kline v. Minnesota Iron Co., 93 Minn. 63, 100 N. W. R. 681; Kibbe v. Stevenson Iron Min. Co., 136 Fed. R. 147; Bird v. U. S. Leather Co., 143 N. C. 283, 55 So. E. R. 727; Hemphill v. Buck Creek Lumber Co., 141 N. C. 487, 54 So. E. R. 420; Powell v. Sherwood, 162 Mo. 605; 63 So. W. R. 485; Lodwick Lumber Co. v. Taylor, 39 Tex. Civ. App. 302, 87 So. W. R. 358; Mounce v. Lodwick Lumber Co., Tex. Civ. App. —, 91 So. W, R. 240.''

The same rule as above stated was reaffirmed in the case of Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. R. 552, in the following language:

''The evidence establishes that the defendant was engaged in the operation of a saw mill and as an incident to such business owned and operated a steam railroad about six or seven miles long, commonly known as a log road. This being true, it necessarily follows

under the decisions of this Court that the defendant is not a railroad company within the terms and meaning of Sections 3148, 3149 and 3150 of the General Statutes of 1906. See Taylor v. Prarie Pebble Phosphate Co., 61 Fla. 455, 54 So. R. 904, and Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 So. R. 680. The right of the plaintiff to recover in the instant case must be based upon the common law liability of the defendant. As we have several times held, the common law is in force in this State, except where it has been modified by competent governmental authority. See Co-operative Sanitary Baking Co. v. Shields, decided here at the present term, and prior decisions therein cited. We also held in this cited case, following numerous prior decisions of this Court, that, in actions for the recovery of damages to a person or his property, alleged to have been occasioned by the negligence of the defendant, the common law principle which prevents a recovery if the plaintiff's own negligence contributed proximately to his injuries has not been modified or changed, except as modified by Sections 3148, 3149, 3150, Gen. Stats. of 1906, and Chapter 6521, Acts of 1913.''

This rule was again reaffirmed in the case of Carter v. J. Ray Arnold Lumber Co., 83 Fla. 470, 91 So. R. 893, idem, 91 Fla. 548; 108 So. R. 815, in which case the Court cited the cases above referred to, and also Grace v. Geneva Lumber Co., 71 Fla. 31, 70 So. R. 474; Coronet Phos. Co. v. Jackson, 65 Fla. 170; 61 So. R. 318.

The common law rule hereinbefore referred to in the cases herein cited obtains and should have been applied in the instant case and, therefore, the judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.