DYSART, *Appellant*, v. KANSAS CITY, FORT SCOTT AND
MEMPHIS RAILROAD COMPANY.

145    83
f151 407

Division One, June 22, 1898.

1. **Negligence:** FELLOW SERVANTS: ENGINEER AND BRAKEMAN: ESSENTIAL ELEMENTS OF ACTION. The engineer and brakeman of a railroad train are fellow-servants. So that, in an action by the brakeman, alleging that he lost his hand in coupling cars, because of the negligence of the engineer, it is essential, before the railroad company can be charged with the damage, that the plaintiff show both the incompetency of the engineer and that the railroad company did not exercise reasonable care in employing and retaining him in its service.

2. ———: ———: ———: PRACTICE: PEREMPTORY INSTRUCTION. And where a review of the evidence fails to disclose any incompetency or lack of skill on the part of the engineer, or if he had been guilty of any incompetent or negligent act that the company ever heard of it or was negligent in retaining him, a peremptory instruction, telling the jury that under the pleadings and evidence the plaintiff could not recover, was properly given.

3. ——: ——: ——: ——: NEWLY DISCOVERED EVIDENCE. The granting of a new trial after nonsuit, because of subsequently discovered evidence (as appears in this case by eight or nine *ex parte* affidavits), rests largely with the trial court; and it is only in cases entirely free from any element of uncertainty as to the impropriety of a denial of the new trial, that appellate courts will interfere.

*Appeal from Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*F. W. Gifford* and *W. E. Flynn* for appellant.

(1) In this case the question as to whether or not the defendant railroad was negligent in employing and keeping in their employ as engineer E. A. Dulin was clearly, under the evidence, one for the jury. *Railroad v. Ives*, 12 U. S. Sup. Ct. Rep. 679; *O'Mellia v. Railroad*, 115 Mo. 221; *Wolff v. Campbell*, 110 Mo. 120; *Franke v. St. Louis*, 110 Mo. 525; *Gutridge v. Railroad*, 105 Mo. 520; *Finch v. Ullman*, 105 Mo. 255. (2) Where the evidence tended to prove the averments of the petition and the petition is sufficient, a case is made for the jury, and the court erred in overruling motion to set aside nonsuit. *Burger v. Railroad*, 112 Mo. 238. (3) The evidence was sufficient to sustain a verdict that defendant had notice of the careless and reckless habits of engineer Dulin. *Williams v. Railroad*, 109 Mo. 483; *Railroad v. Brooks*, 57 Pa. St. 343. (4) It is immaterial whether Dulin and plaintiff Dysart were fellow-servants or not, if Dulin's careless habits caused plaintiff's injury, and defendant ought to have known of Dulin's careless habits. *Maxwell v. Railroad*, 85 Mo. 95; *Harper v. Railroad*, 44 Mo. 488; *Harper v. Railroad*, 47 Mo. 567; *Marshall v. Schricker*, 63 Mo. 308. (5) It was a question to be submitted to the jury as to whether an ignorant man with only two years experience as fireman for defendant was a safe, careful and

competent person to act as locomotive engineer, and be hired as such by defendant. Wood's Master and Servant [2 Ed.] 77; Shearman & Redfield on Neg. [4 Ed.], secs. 38–60. (6) The defendant waived its objections to plaintiff's evidence by introducing evidence for defendant after demurrer to plaintiff's evidence had been overruled. *McPherson v. Railroad*, 97 Mo. 253; *Brown v. Railroad*, 95 Mo. 276; *Kiltz v. Railroad*, 101 Mo. 42; *Jennings v. Railroad*, 112 Mo. 268. (7) And after all the evidence was in and the case submitted to the jury it must stand or fall on the evidence as a whole, and the court erred in taking the case from the jury and forcing plaintiff's nonsuit. *Jennings v. Railroad*, 112 Mo. 268. (8) Where the court forces nonsuit peremptorily, it is tantamount to a demurrer to the evidence, except that judgment can not be entered for the defendant, and it amounts to an admission of every fact which might be found by the jury from the evidence, which entitled the plaintiff to the benefit of every inference of fact. *Hineman v. Matthews*, 138 Pa. St. 204; *Miller v. Bealer*, 100 Pa. St. 583; *Brown v. Cunningham*, 82 Iowa, 512. (9) It is a personal duty resting on the master to use ordinary care and caution in employing and retaining competent and suitable servants for the particular business for which they are hired, and more care should be used in selecting and retaining an engineer than a fireman, brakeman or trackman, for the reason that the dangers likely to flow from the employment of an engineer are far greater than that of the others mentioned. *Williams v. Railroad*, 109 Mo. 483.

*Wallace Pratt* and *I. P. Dana* for respondent.

(1) Appellant's brief does not claim that, or attempt to show how, plaintiff's injuries were caused by

Engineer Dulin's negligence; unless they were so caused, defendant is not liable. *Kersey v. Railroad*, 79 Mo. 362; *Murphy v. Railroad*, 71 Mo. 202; McKinney on Fellow Servants, sec. 79; Bailey's Masters' Liability, 70. (2) Appellant's claim as to newly discovered evidence should not be considered, because, first, his abstract does not show any of the affidavits filed by defendant; and second, the record does not bring appellant's claim within the rule laid down by this court as to granting new trials for such reasons. *State v. Ray*, 53 Mo. 345; *State v. Nickens*, 122 Mo. 612. (3) The evidence does not sustain plaintiff's charge that he was injured by engineer Dulin's negligence. Hence, without regard to any other question, plaintiff failed to make out his case and the judgment was for the right party. *Fugler v. Bothe*, 117 Mo. 495; *Jackson v. Railroad*, 104 Mo. 448; *Musick v. Packing Co.*, 58 Mo. App. 350; *Breen v. Cooperage Co.*, 50 Mo. App. 202. (4) Engineer Dulin was a fellow-servant with plaintiff and therefore defendant would not have been liable for the latter's injuries, if they had been caused by the former's negligence. *Relyea v. Railroad*, 112 Mo. 86; *Robinson v. Railroad*, 119 Mo. 476; *Kersey v. Railroad*, 79 Mo. 362; McKinney on Fellow Servants, sec. 129. (5) There was no evidence tending to show either that the engineer was careless or incompetent, or that defendant knew or should have known that he was, and therefore such claim fails. Wood's Law of Master and Servant, secs. 416, 419, 420, 422; *Roblin v. Railroad*, 119 Mo. 476; *McDermot v. Railroad*, 87 Mo. 294; *Murphy v. Railroad*, 71 Mo. 202; *Elliott v. Railroad*, 67 Mo. 274; *Lee v. Bridge Works*, 62 Mo. 568; McKinney on Fellow Servants, secs. 79, 80, 85, 89.

WILLIAMS, J.—Plaintiff, a brakeman on one of defendant's freight trains, while coupling the engine to

the front car of said train, had his left hand very badly hurt. The injury was so serious that amputation of the arm between the wrist and elbow became necessary. The accident occurred at the town of Kenoma, in Barton county, on the fourteenth of February, 1892. This suit was brought by plaintiff in the circuit court of Jackson county to recover $15,000 damages on account thereof. A change of venue was granted on his application, and the case sent to Cass county. It was tried there at the May term, 1895.

Defendant, at the close of plaintiff's case, offered a demurrer to the evidence, which was refused. It was renewed after all the testimony was in. The court again declined to sustain it. The matter was then submitted to the jury. They reported, after several hours, that they were unable to agree. The court thereupon withdrew all its previous instructions, and substituted one, telling the jury, that, under the pleadings and evidence, the verdict must be for defendant. · Plaintiff took a nonsuit, with leave, etc., and in due time filed his motion to set the same aside. This was overruled; hence, the present appeal.

The ground of action stated in the petition is, that, as plaintiff was making the coupling between the tender and front car of the train, the engineer negligently ran the engine back against said car "with such speed, force and violence" that plaintiff did not have time to withdraw the hand with which he was adjusting the link; that in consequence thereof, it was caught between the "bumpers" and injured as above mentioned; that this would not have happened if the movement of the engine had been slower, as it should have been. It is further charged that said engineer was incompetent for the position, careless, negligent and reckless, and that this was known to defendant at the time of and long prior to the accident.

Plaintiff and the engineer were fellow servants. The injury occurred in 1892. It was essential to plaintiff's case for him to show, not only the incompetency of the engineer, but also, that defendant failed to exercise reasonable care in employing and retaining him in its service. *Roblin v. Railroad*, 119 Mo. 476. "There is no dispute as to this proposition of law, namely, that the master must use ordinary care in employing and retaining competent and suitable servants. This is a personal duty devolved upon the master, and he is liable for a failure to perform this duty, resulting in an injury to a fellow servant." *Williams v. Railroad*, 109 Mo. 482.

It is equally well established, that the burden is on the plaintiff seeking to recover for injuries caused by the negligence of a fellow servant, to show want of proper care on the part of the master in employing or retaining the latter. *Roblin v. Railroad*, 119 Mo. 476. If there was a failure to make this proof, then without reference to any other questions in the case, the instruction, which resulted in a nonsuit, was entirely proper. This brings us to the consideration of the evidence upon that point.

Plaintiff's testimony was that he had been in defendant's employ eight or ten months before he was hurt. He had made four or five previous trips with the engineer, who was in charge of the engine, when he was injured. He had never heard that said engineer had the reputation of being incompetent or careless, and testified to nothing tending to show such incompetency.

Lee Glasgow said that he had known the engineer since August, 1889, and "would not *consider* him as careful as the *majority* of the engineers working *there* at the *time*." It is clear that this statement does not show that the defendant was negligent in not discharg-

ing him. He may have been a skilled and careful engineer, and yet others there at that time may have been better than he. Where a number are employed it is not to be expected that all will be of the same order of ability. Each could not well be the best. The defendant was only bound to see that all employed by it possessed the requisite skill and carefulness to properly discharge their duties without injury to their fellows.

This witness further narrated an instance in which he thought the engineer was careless, but it does not appear that this ever came to the knowledge of the proper officers of the defendant, or that they ever heard of it. He also mentioned an accident at Ash Grove, but conceded that it was caused by the fault of the witness and not of said engineer.

J. A. Cotter and Roy Soutor testified to an accident to the former on a train when the said engineer was in charge of the engine. The former said that he gave a signal "to go ahead" and the engineer backed the engine and witness was hurt. He further claimed that the engineer "had it in for him" on account of some trouble between them. This accident was reported to the company. It happened about three years before the plaintiff was hurt. The engineer in the meantime had been constantly in charge of his engine and it does not appear that there was ever after any complaint of his conduct to the defendant.

Plaintiff here rested and defendant interposed a demurrer. While this was being argued, plaintiff asked and obtained leave to recall the witness Lee Arnold. He was again placed upon the stand. He then said "the reputation of the engineer Dulin among the employees of the company with reference to being careful and cautious, was bad." He refused, however, to fix the time when the engineer had that

reputation and was unable to state the year. It certainly does not appear affirmatively that he was so reputed among his fellows at the time plaintiff was injured. Plaintiff states that *he* never heard it, and the witness could not give the year.

It is useless to go into the defendant's evidence in detail. It did not supply the omission in plaintiff's testimony. A number of witnesses testified to the competency of the engineer and his good reputation in his chosen business. He was forty-one years old and had been in defendant's employ thirteen years. He served two years and three months as fireman and about the same length of time as "hostler," in running engines in and out of the round house and taking care of them. He became a locomotive engineer in 1886, and had been constantly running an engine since that time. This engineer was placed upon the stand by defendant and upon his cross-examination said that three or four persons possibly had been injured upon trains where he was the engineer. It was not shown, however, that these resulted from any negligence upon his part.

We have made a careful examination of the testimony and can not say that it tends to show that defendant failed to use ordinary care in employing and retaining the engineer, Dulin, in its service at the time of plaintiff's injury. We are unable therefore to hold that the circuit court committed error in its peremptory instruction that, under the evidence, the verdict must be for defendant.

The court below was also asked to set aside the nonsuit on the ground of newly discovered evidence. Several affidavits were filed in support of this application, and some are printed in appellant's abstract. This point is not presented in appellant's brief, and

does not seem to be relied upon here.   Respondent claims that counter-affidavits filed by it are not printed.

Plaintiff was able within a short time after the nonsuit, to obtain voluntary *ex parte* affidavits from eight or nine different persons in support of his case. The same diligence in advance would probably have enabled him to present their testimony to the jury at the trial.   Want of diligence upon the part of the applicant is a sufficient reason for denying such motions.

Again, "The granting of new trials because of evidence subsequently discovered, rests for the most part with the trial court; and any doubt, as to whether the discretion vested in this regard in that tribunal, has been soundly exercised, is to be resolved in favor of its ruling.   It is only in a case entirely free from any element of uncertainty as to the impropriety of such ruling, that appellate courts feel themselves called upon to interfere."   *Cook v. Railroad*, 56 Mo. 384.

There is certainly no reason for such interference in this case, where plaintiff took a nonsuit and there is no judgment to conclude his rights.   The judgment must be affirmed.

BRACE, P. J., and ROBINSON and MARSAHALL, JJ., concur.