NORA BROADWATER, Appellant, v. WABASH RAILROAD COMPANY.

Division Two, May 19, 1908.

1. **NEGLIGENCE: Fellow-Servants: Allegations of Petition.** Plaintiff is bound by the allegations of her petition, and where they bring her case squarely within the provisions of the Fellow-Servant Act she can recover for the death of her husband, if at all, only on the theory that that act gave her the right to recover for the death of her husband when his death was due to the negligence of a fellow-servant.

2. ———: ———: **Engineer and Hostler.** An engineer, who had made his run and brought his engine into the yards and remained on it after it was detached from the train, for the purpose of putting it in order and condition, and the engine hostler who there took charge of it for the purpose of handling it and operating it in the railroad yards and whose negligence caused the engineer's death, are fellow-servants.

3. ———: ———: **Widow's Right to Sue.** Under the Fellow-Servant Act of 1897, now sections 2873, 2874, and 2875, Revised Statutes 1899, the widow cannot recover damages from a railroad company for the death of her husband whose death was due to the negligence of a fellow-servant in the employ, as was her husband, of said company.

4. ———: ———: ———: **Stare Decisis: Powell Case.** The right of a widow of a fellow-servant, whose death was caused by the negligence of another fellow-servant, to maintain an action against their common master for damages for his death, under the Fellow-Servant Act of 1897, was not adjudicated or determined or had in judgment in Powell v. Sherwood, 162 Mo. 605, and hence the rule that a judicial construction of a statute becomes a part of it, and as to rights which thereafter accrue that construction should be adhered to for the protection of those rights, is not invoked by a citation of that case, for that rule may be invoked only as to something actually decided.

Appeal from Randolph Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*Willard P. Cave* for appellant.

Section 2873, Revised Statutes 1899, provides: "That every railroad corporation owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof while engaged in the work of operating such railroad, by reason of the negligence of any other agent or servant thereof: Provided, that it may be shown in defense that the person injured was guilty of negligence, contributing as a proximate cause to produce the injury." "Shall be liable" to whom? Sections 2864 and 2865, Revised Statutes 1899, answer the question in plain and unmistakable terms. Section 2865 says: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured." The next section 2866, then provides by whom such damages are recoverable. If the company is liable to the employee for an injury inflicted through the negligence of a fellow-servant if he survive his injuries, and not liable for the same act if the innocent victim die, then the Damage Act does not mean what it plainly says. Such a construction would do violence to the plain, unambiguous words of the statute above quoted, and would, moreover, be a travesty upon justice. The construction of the Fellow-Servant statute insisted

upon by respondent's learned counsel is so strained and unnatural that appellant is constrained to believe that "much learing hath made them mad."

*J. L. Minnis* and *Geo. Robertson* for respondent.

GANTT, J.—This is an action by the plaintiff as the widow of Sidney Broadwater to recover damages in the sum of five thousand dollars on account of the death of Sidney Broadwater, while in the employ of the defendant as locomotive engineer in defendant's terminal yards in Kansas City, Missouri, on the 21st day of August, 1900.

The petition was filed on the 9th of February, 1901, in the circuit court of Randolph county, and in substance alleges that on and prior to the 21st of August, 1900, Sidney Broadwater was her lawful husband and defendant was at said time and is now a railroad corporation duly and legally incorporated and chartered under and by virtue of the laws of this State for the business of transporting passengers and freight upon its said railroad, and at the date last mentioned was engaged in running and operating its locomotives and cars from the city of St. Louis through the county of Randolph and into and through the county of Jackson; that on said 21st of August, 1900, and within six months before the bringing of this suit, said Sidney Broadwater was in the employment of the defendant as locomotive engineer, and on said day, by direction of defendant, ran one of defendant's engines attached to a train of freight cars from Moberly into Kansas City, Missouri; that upon the arrival of said locomotive and train in the yards of the defendant in Kansas City, the said engine was detached from said train, and while said Sidney Broadwater, the engineer, was still upon said engine, putting the same in order and condition, said engine was carelessly and negli-

gently started forward by one J. T. Hale, an engine hostler, then and there in the employment of the defendant and charged with the duty of handling and operating defendant's locomotives in said railroad yards in Kansas City, Missouri, and while handling and operating said locomotive, said Hale negligently and carelessly ran said locomotive of defendant so that it collided with the train of freight cars then and there run and operated by the Kansas City, Fort Scott and Memphis Railroad Company, in and along Santa Fe street in said city at a point where the railroad tracks of the defendant cross the tracks of said Kansas City, Fort Scott and Memphis railroad, and in said collision the said Sidney Broadwater was on said August 21, 1900, without fault on his part and while upon said locomotive and engaged in his work and in the discharge of his duties as the employee of the defendant, crushed and killed. That the death of said Sidney Broadwater was caused and occasioned by the carelessness and negligence of the flagman of the defendant at said Santa Fe street crossing, who carelessly and negligently gave a signal to the person in charge of said locomotive of the defendant to run said locomotive across said Santa Fe street and across said railroad track of the Kansas City, Fort Scott and Memphis railroad, the said flagman having at the same time signalled said Kansas City, Fort Scott and Memphis railroad train to back up Santa Fe street across the railroad tracks of defendant, thereby causing the said train to collide with the locomotive of the defendant and to turn said locomotive engine over and to kill said Sidney Broadwater; that said locomotive was so moved and operated by defendant's servant Hale by the direction and authority of the defendant; that said collision and the death of plaintiff's husband could have been avoided and

prevented by defendant's servant Hale, by the exercise of ordinary care and prudence in operating said locomotive; that said agent and servant of defendant could by the use of ordinary care have seen said Kansas City, Fort Scott and Memphis railroad train advancing and could have prevented said collision; that plaintiff's husband and said engine hostler, Hale, and said flagman at said crossing at the time said Sidney Broadwater was killed, were all engaged in the common service of the defendant and were while so engaged working together at the same time and place to a common purpose of the same grade, neither being entrusted by said defendant with any superin-tendence or control over their fellow employees or each other. Plaintiff alleges by the death of her said husband she has suffered pecuniary loss to her damage of five thousand dollars, for which she prays judgment.

Upon a petition for a removel to the United States Circuit Court for the Northern Division of the Eastern District of Missouri, said cause was removed to said United States Court. Thereafter, on the 1st day of June, 1901, the circuit court of the United States remanded said cause to the circuit court of Randolph county.

In its amended answer, the defendant denied each and every allegation in the petition, and also pleaded contributory negligence on the part of the plaintiff's husband at the time and place stated in the petition, and that whatever injuries were received by her said husband were received when he was not then and there engaged in the work of operating defendant's railroad. The answer also pleaded an assumption of the risk by the plaintiff's husband, and that the injury received by the plaintiff's husband was solely the result of his negligence in remaining on said engine after his run was ended and his employment terminated, all of which

risk plaintiff's husband assumed, and in then and there failing to exercise any care for his own safety. There was also a plea that the cause was improperly remanded by the circuit court of the United States in violation of section 709 of the Statutes of the United States and of the Fourteenth Amendment of the Constitution of the United States and of section 30 of article 2 of the Constitution of Missouri. The reply denied all the new matter contained in the answer.

I. Without reproducing the substance of the testimony as to the facts attending the collision of the engine on which plaintiff's husband was at the time of its collision with the train of the Kansas City, Fort Scott and Memphis Railroad, it is evident that the plaintiff sues as the widow of the deceased engineer Sidney Broadwater, on the ground that he was killed as the result of the negligence of a fellow-servant. The allegations of her petition bring the case squarely within the provisions of the Fellow-Servant Act of the General Assembly of the State of Missouri of 1897. Plaintiff is bound by the allegations of her petition and if she can recover at all, it must be upon the theory that the Fellow-Servant Act of 1897, now section 2873, Revised Statutes 1899, gave her a right of action for the death of her said husband, and that Hale, the engine hostler, and her husband were fellow-servants. Moreover, if as alleged in the petition, Hale was an engine hostler charged with the duty of moving the engine and the deceased enginer was on the engine engaged at the time in inspecting the same as a part of his duty, then they were, under the decisions of this court, fellow-servants. [Higgins v. Railroad, 104 Mo. 413; Dysart v. Railroad, 145 Mo. 83; R. S. 1899, sec. 2875.] The question then arises under this alleged state of facts, did the Act of 1897, now sections 2873, 2874 and 2875, give plaintiff a cause of action for the death of her husband? It is insisted by the counsel for the

plaintiff that this question is settled in favor of the
plaintiff by the adjudications of this court in Powell
v. Sherwood, 162 Mo. 605, and Rinard v. Railroad,
164 Mo. 270. An examination of the decision in Powell
v. Sherwood, supra, will, we think, demonstrate that
the right of the widow to recover damages for the
death of her husband caused by the negligence of a
fellow-servant under the Act of 1897, was not mooted
or passed upon by this court. The questions passed
upon in that case by this court were whether that
act applied to a receiver of a railroad, and whether
the act was constitutional, both of which questions were
resolved in favor of the plaintiff, and hence in our
opinion it cannot be said that the Powell case was
a construction of the said statute on the point now
before us for consideration. As said by this court in
Railroad v. Fowler, 142 Mo. 1. c. 687, 688, "We do not
think the rule [to-wit, that a judicial construction of
a statute becomes a part of it, and as to rights which
accrue afterwards it should be adhered to for the pro-
tection of those rights] above stated in respect to the
effect of the judicial construction of a statute, upon
rights acquired under it, should be applied to construc-
tions that can at most be implied from something that
was actually decided. . . . 'The maxim of *stare
decisis* applies only to decisions on points arising and
decided in causes.' [Sutherland's Const. of Stat., sec.
320.]" In the Rinard case, supra, it is true this court
through Judge MARSHALL said: "It is not material
whether the deceased was a servant of the defendant,
or of the construction company, or a passenger, for
his widow's right to recover is not impaired in either
case, under the laws of this State as they are now
and were on December 23, 1897, when the accident
occurred. [Powell v. Sherwood, 162 Mo. 605.]" Clear-
ly, if the deceased in that case had been a passenger
or was an employee of an independent construction

company and had been killed, as he was, by the negligence of the defendant's agents and employees in the management of its trains, the widow would have had a clear right to recover damages for the death of her husband without any reference whatever to the Act of 1897. But conceding that the deceased in that case was, as the record of. the case clearly shows that he was, an assistant roadmaster riding on one of the trains which collided by reason of the negligence of the train-dispatcher of the company, then the doctrine of fellow-servant had no application to the case, because the negligence of the train-dispatcher was the negligence of the company itself for which it was liable. [Smith v. Railroad, 92 Mo. 359; Edge v. Railroad, 206 Mo. 471.] It is clear from the reading of the whole case that the proposition now under consideration, to-wit, whether the widow of a fellow-servant whose death was caused by the negligence of another fellow-servant could under the Act of 1897 maintain an action for damages by reason of his death, was in no manner discussed further than in the reference to the opinion in Powell v. Sherwood, 162 Mo. 605, in which we have seen no such question was decided. Accordingly, we do not think it can be said that this court, In Banc or in either division, had construed said act to give a right to the widow or other relations to sue for the death of her husband when this cause was tried and decided on the circuit. In Strottman v. Railroad, 211 Mo. 227, this question has been fully discussed and considered by the court In Banc at this term, in connection with the Act of April 13, 1905, and the conclusion reached that the Act of 1897, now sections 2873, 2874 and 2875, Revised Statutes 1899, was complete within itself and not amendatory of sections 2864, 2865 and 2866, Revised Statutes 1899, or of any other act or statute, and that the Act of 1897 only created a cause of action on the part of the servant injured and did

not confer such right upon the widow of such servant or employee, and that the Act of 1905 was a legislative recognition that no such right was conferred upon the widow or children or other person for the death of a fellow-servant occasioned by the negligence of a fellow-servant, and the last-mentioned act was passed to cure that omission in the statute.

As the whole question was fully discussed in the Strottman case by the court In Banc, the conclusion therein reached must be and is accepted as binding upon this division, and accordingly it must be ruled that the plaintiff has no cause of action for the damages resulting from the death of her husband caused by the alleged negligence of his fellow-servant, Hale. Having reached this conclusion, it must needs follow that it is entirely unnecessary to determine the other questions discussed in the argument and briefs of counsel on either side of the case.

The judgment of the circuit court in behalf of the defendant is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.