NONA HENDERSON, Respondent, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 6, 1910. Opinion Filed December 30, 1910.

1. DEATH: Survival of Action: Negligence: Railroads: Fellow Servants: Statutes. A right of action does not survive to the widow of a railroad employee who was killed as result of the negligence of a fellow servant before the Act of April 13, 1905 (now section 5425, Revised Statutes 1909) took effect.

2. **APPELLATE PRACTICE: Raising Questions in Trial Court: Demurrer to Evidence.** A demurrer interposed by defendant at the close of plaintiff's case and again at the whole case, to the denial of which exception was duly saved, is sufficiently broad to entitle defendant to raise on appeal the question as to whether a right of action for death survived.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED.

*Walts, Williams & Dines* and *Wm. R. Gentry* for appellant.

If there was any negligence, aside from Henderson's own negligence, which directly contributed to produce his death, it was that of fellow-servants, and the plaintiff is not entitled to maintain this action, since the statute which was in force at the time of the death of James M. Henderson did not entitle a widow to sue for the death of her husband, resulting from the negligent acts of fellow-servants. Strottman v. Railroad, 109 S. W. 769; R. S. 1899, secs. 2873, 2874 and 2875; Broadwater v. Railroad, 110 S. W. 1084.

*J. W. Walsh* and *Block & Sullivan* for respondent.

(1) The proximate cause of the accident involved here was the negligent operation of engine No. 6. Newcomb v. Railroad, 169 Mo. 422; Bragg v. Railroad, 192 Mo. 359; Harrison v. Electric Light Co., 195 Mo. 627; Boyce v. Railroad, 120 App. 173. (2) Appellant's rule pleaded had been abandoned. Barry v. Railroad, 98 Mo. 69; Schaub v. Railroad, 106 Mo. 92; Alcorn v. Railroad, 108 Mo. 81; Francis v. Railroad, 110 Mo. 395, s. c. 127 Mo. 667. (3) In riding where he did, deceased only assumed the risks ordinarily incident thereto. Francis v. Railroad, 127 Mo. 667. (4)

Deceased was not shown to have been guilty of contributing negligence. Brady v. Railroad, 206 Mo. 530; Lynch v. Railroad, 208 Mo. 33; Dunphy v. Stock Yards Co., 118 App. 519. (5) This cause must be disposed of here on the same theory upon which it was tried below. R. S. 1899, sec. 864; Minton v. Steele, 125 Mo. 196; Dice v. Hamilton, 178 Mo. 90; Drug Co. v. Bybee, 179 Mo. 368; St. Louis v. Contracting Co., 210 Mo. 502. And appellant cannot now, for the first time question its responsibility for the negligence of its engineer. Cases, supra; Penny v. Stock Yards Co., 212 Mo. 309. (6) (a) The majority view in the Strottmann case is not a sound exposition of the Damage Act. R. S. 1899, secs. 2864, 2865; Bates v. Sylvester, 205 Mo. 500; Connor v. Railroad, 59 Mo. 293; Proctor v. Railroad, 64 Mo. 120. (b) At common law, actions for injuries to property did not survive. Rector v. Chevalier, 1 Mo. 345; Higgins v. Breen, 9 Mo. 499; McDermott v. Doyle, 17 Mo. 366; Bates v. Sylvester, 205 Mo. l. c. 496. But section 96 of our statute changed this rule. Bates v. Sylvester, supra, and this statute applies to subsequently created statutory causes of action within its terms. Phillips v. Fowler's Admr., 23 Mo. 404. (c) The statute for the survivor of actions for wrongs to personal property is no more comprehensive than the statutes providing for the survivor of actions for injuries to the person. R. S. 1899, secs. 96, 97; Id., secs. 2864 and 2865. (d) The precedents are all against the majority view in the Strottmann case. Eans v. Railroad, 95 Wis. 72; Railroad v. Young, 79 N. W. (Neb.) 557; Merkle v. Bennington Township, 58 Mich. 156; Racho v. City of Detroit, 90 Mich. 92; Vickers v. Cloud Co., 59 Kan. 86; Murphy v. Mercer Co., 57 N. J. L. 238; Eames v. Brattleboro, 54 Vt. 474; Philo v. Railroad, 33 Iowa 50; Kirkpatrick v. Railroad, 159 Fed. 855;

Mackey v. Hospital Board (1900), 2 Q. B. 454; Williams v. Mersey Docks (1905), 1 K. B. 804.

REYNOLDS, P. J.—This is an action for damages for the death of plaintiff's husband, who died as the result of injuries sustained while in the discharge of his duties as foreman of a switching crew, in the employ and service of defendant, in moving cars on defendant's tracks in the city of St. Louis. The accident and resultant death occurred on October 14, 1904; this action was instituted April 11, 1905; the trial was had in the circuit court before the court and a jury on November 8, 1905, resulting in a verdict of five thousand dollars in favor of the plaintiff, judgment following. The accident is charged to have been caused by the negligence of the engineer and crew of a train of defendant, then being switched, and there is practically no dispute of the fact that the negligence charged was that of a fellow-servant or of fellow-servants of the deceased. Even if disputed, the testimony shows this beyond room for controversy. Deceased was himself, at the time of the accident, in charge of the crew then moving the cars and operating the engine, the movements of which caused the accident. The defense was contributory negligence of deceased, in part in that he had violated certain rules of the defendant covering the performance of his duties. In the view we take of the law upon which the decision of the case must rest, it is unnecessary to set out either the pleadings or the evidence in detail or to notice the instructions further than to say that at the close of plaintiff's evidence in chief and again at the close of all the evidence, defendant demurred to it as not showing facts entitling plaintiff to a verdict. These demurrers were overruled, defendant duly excepting and afterwards perfecting its appeal to the Supreme Court from which

it was transferred to this court, the amount in dispute being within our appellate jurisdiction.

Counsel for respondent in the printed argument which they had filed in the Supreme Court when the case was there, and which they have refiled with us, base their right to recover on  the Fellow-Servant Law, claiming that the negligence relied on is that of the engineer in charge of one train in running into another, and that this engineer and Henderson were fellow-servants.  In their supplemental brief filed in this court, these learned counsel, paralleling what they claim to be the facts in this case and those in another upon which they rely, state the facts so concisely that we adopt their statement of facts in issue in lieu of any other.  So far as pertinent to the decision of this, we give them as follows:  That the defendant is a Terminal Railroad Company; that "the action is for the death of a working foreman of a switching crew, at the time engaged in his ordinary and active duties as a switchman." That "the negligence charged and proven was the negligence of an engineer in the operation of a switch engine."   That defendant offered evidence "tending to prove that the negligent movement of the engine was in obedience to signals given by deceased to the engineer."   That "in this case the accident happened prior to the amendment of the Damage Act in 1905, so as to make it expressly cover cases arising under the Fellow-Servant Act;" and, arguing in favor of the proposition that the decision in the case of Penney v. St. Joseph Stock Yards Co., 212 Mo. 309, 111 S. W. 79, "cannot be rationally accounted for except on one or the other of the following theories," the same learned counsel concede and argue as one of the theories, "that a switchman engaged in his duties and an engineer operating a switch engine are fellow-servants under the Fellow-Servant Act of 1897,

as regards the duty of the engineer to so operate his engine as not to endanger the safety of the switchman."

Arguing for an affirmance these same counsel make six points. It is only necessary to notice the fifth and sixth. The fifth is, that the cause must be disposed of on appeal upon the same theory on which it was tried below and that appellant cannot now for the first time question its responsibility for the negligence of its engineer. The sixth is, that the majority view in the Strottman case (211 Mo. 227, 109 S. W. 769), is not a sound exposition of the Damage Act; that at common law, actions for injury to property did not survive, but that section 96, Revised Statutes 1899, now section 105, Revised Statutes 1909, changed this rule, and this statute applies to subsequently created statutory causes of action within its terms; that the statute for the survival of actions for wrongs to personal property is no more comprehensive than the statutes providing for the survival of actions for injuries to the person; and that the precedents are all against the majority view in the Strottman case. In their brief prepared and submitted to meet the case in this court, the points relied on for affirmance by respondent's counsel, are, first, that the cause of action under the Fellow-Servant Act will, if the injuries result fatally, survive under the Damage Act. Second, that the controlling precedent here requires affirmance. Third, that the case of Penney v. Stockyards Co., supra, is the last ruling of the Supreme Court on the facts here involved. Fourth, that this case must be disposed of here on the theory adopted at *nisi prius*.

Counsel for appellant make two assignments of error: First, to the overruling of the demurrer to the evidence; second, to error in giving instruction No. 1 at the request of plaintiff, the latter assignment being founded on the claim that the instruction permits the

jury to find that the accident resulted from a cause not pleaded or relied upon in the petition. It is not necessary to notice this latter assignment. The first assignment of error in overruling the demurrers rests upon three propositions. First, that if there was any negligence aside from Henderson's own negligence which directly contributed to produce his death, it was that of fellow-servants, and the plaintiff is not to maintain this action, since the statute which was in force at the time of the death of Henderson did not entitle a widow to sue for the death of her husband, resulting from the acts of fellow-servants. The second and third errors assigned need not be noticed.

The case has been most thoroughly and elaborately briefed by the able counsel representing the respective parties and was argued at some length by one of the counsel for the respondent orally before the court. Without entering upon the inviting field of discussion spread before us by counsel, it is sufficient to say that in our opinion the last controlling decisions of the Supreme Court on the point involved in this case are those of Strottman v. Railway, supra, and Broadwater v. Wabash R. Co., 212 Mo. 437, 110 S. W. 1084. In each of these cases it is decided that a right of action does not survive to the representatives of the one killed, if the accident resulting in death was caused by the negligence of a fellow-servant, the accident occurring prior to the taking effect of the Act of April 13, 1905, now section 5425, Revised Statutes 1909. In the light of the decision in the Broadwater case, a decision concurred in by all the judges of Division No. 2, written by the same learned judge who wrote the opinion in the Penney case, in which all the learned judges of Division No. 2 had also concurred, it is impossible for us to hold that the decision in the Penney case, supra, the case relied on by respondent as the "last rulings" of our Supreme Court, in any manner

whatever overturns the decisions of that court in either the Strottmann case or in the Broadwater case. In the latter case the majority opinion in the Strottman case is distinctly recognized as the controlling decision of the court. Referring to the Penney case, it will be observed that no question whatever was raised in the Supreme Court, nor, so far as appears, in the trial court, as here involved, as to the survival of causes of actions under the fellow-servant law. It is true that it was the case of an accident caused by the negligent acts of a fellow-servant and that the Fellow-Servant Act was before the court, and that the accident occurred on the 4th of December, 1904; it is true that in the Penney case, the court, in Division No. 2, by its decision allowed a recovery, affirming the judgment in favor of the minor children of the decedent, it not appearing that there was any widow entitled to bring the suit, or who had brought suit within six months after the accident. But it is equally true that it clearly appears that the question as to survival of the right of action created by the Fellow-Servant Act was in no manner presented by the briefs or arguments or considered by the court. The Broadwater case and the Strottmann case are the "last rulings" of our Supreme Court on this point, and we are absolutely and conclusively bound by them.

We confess our inability to thoroughly understand the contention of counsel that the case is not presented here on the theory upon which it was tried in the lower court. Possibly that refers to the criticism counsel for appellant make on the first instruction; if that is so, it is not necessary to consider it, in the view we take of the case. If this contention refers to the fact that the question of survival of the action was not presented in the lower court, we have no means of determining that. But the demurrer, interposed both at the close of plaintiff's case and at the end of the whole

case, is sufficiently broad to entitle the appellant to make that point in this court. It is very probable that it was true in the case at bar, as it was in the Broadwater case, as noted by Judge GANTT, that when this case was tried our Supreme Court in Banc or in either division thereof had not considered the Fellow-Servant Law, now sections 5434, 5435, 5436, Revised Statutes 1909, in connection with the Act of April 13, 1905, now section 5425, Revised Statutes 1909, and hence the question was not either raised or decided in the trial court. But it is directly before us, and goes to our power to sustain an action which our Supreme Court has said cannot be maintained. The learned counsel for the respondent assails with great vigor the correctness of the decision in the Strottman case. They do not seem to have been aware of the Broadwater case, at least they do not cite it, nor comment upon it. But it cuts up by the roots all of their very forcible argument, to the effect that the Penney case and not the Strottman case is the "last ruling" of our Supreme Court. Their argument against the law of the Strottman case may properly be directed to the Supreme Court; we cannot consider it at all.

Reluctant as we are to reverse and refuse to remand when the action is as here, by the widow for the loss of her husband, we are compelled to do so by the decisions in those cases. We may add that if we are to ignore in this case the decisions in the Strottmann and Broadwater cases, because no point was made at the trial on the survival of the cause of action, when the negligence in proof is that of a fellow-servant, we would do exactly what counsel urge was done in the Penney case, that is, overrule both those decisions— a matter beyond our power under the Constitution. In the case at bar the right to recover under such circumstances is before us by proper assignment of error, as well as under the demurrers. We place our judg-

ment distinctly on the ground that under the last rulings of our Supreme Court, the right of action does not survive, the accident and resultant death said to have been occasioned by the actionable negligence of a fellow-servant of plaintiff's husband, both occurring prior to June 16, 1905, the date upon which the Act of April 13th went into effect.

The judgment of the circuit court is accordingly reversed. *Nortoni* and *Caulfield, JJ.,* concur.

