No. 10,113.

## BLAKE ET AL. *v.* BLAKE ET AL.

| 85   65|
|127   467|

DESCENTS.—*Statutes Construed.—Collateral Heirs.— Distribution.*—Collateral relatives in the second degree, where any in the first degree also survive, take *per stirpes,* under R. S. 1881, sections 2468, 2469 and 2470.  Thus, the heirs being nine nephews surviving, and grand-nephews, children of two nephews deceased, the latter take the shares which would have gone to their respective parents had they survived.

From the Putnam Circuit Court.

*I. L. Bloomer, R. Hill* and *J. W. Nichol,* for appellants.

*J. Birch, J. N. Sims, J. E. McDonald* and *J. M. Butler,* for appellees.

. COOMBS, J.—This suit was submitted to the court below for trial, upon a complaint by the appellant and a cross complaint by the appellee, for the partition of lands amongst collateral heirs.  Upon the request of the appellants, the court found the facts specially, and its conclusions of law thereon as follows:  " The court finds that on or about the 21st day of January, 1881, said Jesse Blake, named in said complaint and cross complaint, died intestate, in Putnam county, Indiana, leaving no widow, and without issue or their descendants alive, and without father or mother ; and leaving as his sole and only heirs at law, said plaintiffs, John G. Blake, James R. Blake and William M. Blake, the sons of James Blake, deceased, who was a brother of said Jesse Blake, deceased ; and, also, said plaintiff Walter G. Blake, an infant son of Walter A. Blake, deceased, who was a son of said James Blake, deceased ; and that said James Blake died before said Jesse Blake ; also, said defendants, John W. Blake, William H. Blake, James H. Blake, Mariah J. Henderson, now the widow of Charles Henderson, deceased, Mary M. Given, widow of David Given, deceased, and Sarah A. Catterlin, who were all children of John Blake, deceased ; also said defendant Miriam E. McFarland, wife of said David H. McFarland, daughter of Caroline Dunn,

deceased, who was a daughter of said John Blake, deceased, who was a brother of said Jesse Blake, deceased. And the court further finds that said Caroline Dunn and said John Blake both departed this life before the death of the said Jesse Blake, deceased; and the court further finds, that at the time of the death of said Jesse Blake, he was seized in fee simple of all the real estate described in the complaint and cross complaint herein" (describing it). "*Second.* That said John G. Blake, James R. Blake, Mary E. Blake, Walter G. Blake, William H. Blake, Mariah J. Henderson, Mary M. Given, Sarah A. Catterlin, Miriam E. McFarland, John W. Blake and James A. Blake are each the owners in fee simple, and entitled to one-eleventh part in value of all of said real estate, as tenants in common. *Third.* That the said real estate ought to be sold, and after payment of the costs and expenses of said sale, and the costs of this suit, the residue of the proceeds derived from said sale ought to be divided equally between them."

Exceptions by the appellants to the conclusions of law upon the facts found by the court were overruled, and a judgment rendered upon the findings of the court.

From this judgment the plaintiffs appealed to this court. The only error assigned is, that the court erred in its conclusions of law, which presents the only question for the consideration of this court.

Lengthy written and printed arguments have been presented by the attorneys on each side—the appellants' counsel contending that the family of James Blake, deceased, consisting of four persons, inherited one equal half of the estate, and the family of John Blake, consisting of seven persons, the other half; counsel for the appellees contending that they all took equally, *per capita.* The argument of appellants' counsel seems to have been predicated upon the assumption that these parties in some way inherited through their deceased fathers, instead of inheriting directly from their uncle Jesse Blake. The only statutes bearing upon this subject are the first four sections of the act relating to descents. 1 R. S. 1876, p. 408. The

Blake *et al. v.* Blake *et al.*

primary object of the Legislature, as expressed by these sections, was that estates should descend equally to the next of kin, as a class, whether lineal or collateral, however numerous, or however remote from the ancestor; with the single exception that where one or more of a class had died leaving children, such children should inherit the share which would have descended to their father and mother, if living, though such children are one degree farther removed from the ancestor. Sec. 1 provides that the estate of an intestate shall descend to his or her children, in equal portions.

Sec. 2.. " If any children of such intestate shall have died intestate, leaving a child or children, such child or children shall inherit the share which would have descended to the father or mother, and grandchildren, and more remote descendants, and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule : *Provided,* That if the intestate shall have left at his death grandchildren only alive, they shall inherit equally."

This court has applied this rule to a class of lineal heirs one degree farther removed from the ancestor, holding that where the estate descends to grandchildren, and one or more of that class has died, leaving a child or children, such great grandchildren will inherit the shares the parent would have inherited, if living. *Cox* v. *Cox,* 44 Ind. 368.

This rule also applies to collateral heirs. Sec. 3 of the act provides that if any intestate shall die without lawful issue, or their descendants alive, one-half of the estate shall go to the father and mother of such intestate, as joint tenants, or to the survivor of them ; and the other half to the brothers and sisters, and to the descendants of such as are dead, as tenants in common.

Sec. 4. " If there be neither father nor mother, the brothers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common."

From these several provisions it is clear that if all the brothers and sisters of an intestate are dead, leaving children

alive, their children form a class, all equally near of kin to their ancestor, and will take the estate *per capita*. But if one or more of this class have died leaving children, such children would take their parents' share *per stirpes*. In the case at bar the next of kin, being the children of John and James Blake, deceased, brothers of Jesse Blake, the intestate, will inherit directly from their ancestor *per capita;* and as two of this class had died, each leaving one child only, it follows that the several nephews and nieces and the grand-nephew and grand-niece will all inherit equally, and that each is entitled to the one-eleventh part of the estate of Jesse Blake, deceased.

Judgment affirmed, with costs.