ALBERT SIDNEY BROWARD, et al., *Appellants,* v. ROBERT EMMETT BROWARD, et al., *Appellees.*

Division B.

Opinion filed July 3, 1928.

George C. Bedell, Chester Bedell, W. M. Bostwick, Jr., and *Jos. M. Glickstein*, for Appellants;

*Axtell* and *Rinehart, Cooper, Knight, Adair, Cooper & Osborne*, and *Cockrell & Cockrell*, for Appellees.

WHITFIELD, P. J.—On appeal in partition proceedings the essential question to be determined is whether the

nephews and nieces take *per capita* or *per stripes* by inheritance from a maiden lady who died intestate in 1924, leaving neither father nor mother nor brothers or sisters, but leaving nephews and nieces, and also grand-nephews and grand-nieces, the children of the intestates' nephews and nieces who died during the life of the intestate.

The statutory provisions "regulating descents," that are pertinent here are herein stated.

"Whenever any person having title to real estate of inheritance shall die intestate as to such estate, it shall descend in parcenary to the male and female kindred, in the following course, that is to say: * * * If there be no father and mother, then to the brothers and sisters, and their descendants, or such of them as may be. Personal property * * * shall be distributed according to the law regulating the inheritance of real estate." Secs. 3618, 3627, Rev. Gen. Stats. 1920, Secs. 5483, 5491, Comp. Gen. Laws, 1927.

"Where the children of the intestate, or his mother, brothers or sisters, or his grandmother, uncles and aunts or any of his female lineal ancestors living, with the children of his deceased lineal ancestors, male and female, in the same degree, come into partition, they shall take *per capita*, that is to say, by persons; and where a part of them being dead and a part living, the issue of those dead have right to partition, such issue shall take *per stripes* or by stocks, that is to say, the shares of their deceased parents." Sec. 3623, Rev. Gen. Stats. 1920, Sec. 5487, Comp. Gen. Laws, 1927. This section with some differences in punctuation appeared as Sec. 13 of an Act regulating descents of August 12, 1822, which Act was repealed by the Act regulating descents of November 17, 1829.

The section last quoted was Sec. 15 of the Act of November 17, 1829, "regulating descents," the first section of which Act of 1829, provided for descent (1) to the children or their descendants if any there be; (2) to the father; (3) to the mother, brothers and sisters and their descendants or such of them as there be; (4) moities to the paternal and maternal kindred in the following course; (5) the grandfather; (6) grandmother, uncles and aunts on the same side or their descendants or such of them as there be; (7) the great grandfather etc.

Under Sec. 3618, Rev. Gen. Stats. of 1920, Sec. 5483, Compiled General Laws of 1927, the descent is to (1) the children or their descendants (and the husband of the intestate if a married woman) (2) to the surviving spouse if there be no children; (3) to the father and mother or the survivor; (4) brothers and sisters and their descendants, or such of them as may be; (5) moities to the paternal and maternal kindred in the following course; (6) the grandfather; (7) grandmother, uncles and aunts on the same side, or their descendants or such of them as there may be; (8) great grandfather, etc.

It is thus apparent that the rules of apportionment referred to in Sec. 15 of the Act of 1829, Sec. 3623, Rev. Gen. Stats. of 1920, Sec. 5487, Compiled General Laws of 1927, relate expressly to the classes in Nos. 1, 3, 6, of Sec. 1 of the Act of 1829, and to Nos. 1 and 7 of the present law, while such section is not accurately applicable to No. 4 of the present law, and such section does not expressly state a rule of apportionment where there are no living brothers or sisters of the intestate, but there are descendants of such brothers and sisters.

But the purpose of Sec. 15 of the Act of November 17, 1829, Sec. 2623, Rev. Gen. Stats, 1920, Sec. 5487, Compiled General Laws, 1927, is not alone to fix the apportionment

in stated instances but also to indicate a principle to govern apportionments of inheritances in all cases where those who inherit together are in different classes or degrees of relationship to the intestate and also where the inheritors are in the same class or degree of relationship to the intestate.

The present statute makes the husband inherit in the class and equally with the children of a married woman intestate. It also makes the father and mother inherit in equal parts, and gives the entire property to the surviving spouse if there be no children or their descendants of the intestate. These changes in the rules of descent do not prevent the operation of Sec. 15 of the Act of November 17, 1829, now Sec. 3623, Rev. Gen. Stats., 1920, Sections 5487, Compiled General Laws, 1927, as a guiding principle to regulate the apportionment or distribution of inheritances among those in classes or degrees of relationship to the intestate, where the statute definitely defines the class or classes who shall inherit together.

Properly interpreted Sec. 3623, Rev. Gen. Stats., 1920, which was in force at the death of the intestate, establishes the controlling principles that, except as may be otherwise specifically provided by statute, where the classes of persons who may inherit under the statute male and female, in the same degree, come into partition they shall take *per capita,* that is to say by persons; and where a part of them being dead and a part living, the issue of those dead have right to partition, and such issue shall take *per stirpes* or by stocks, that is to say, the shares of their deceased parents.

While the statute does not in express terms provide that where all of the brothers and sisters of an intestate are dead, their immediate issue shall take *per capita,* that is the intent of the statute, since its purpose is to cover the entire subject of descent, thereby abrogating all common law rules or canons affecting the subject, and it establishes the rule

of apportionment where all those who inherit are in the same degree of relationship to the intestate and when they are not; and the intent of the enactment is that, unless otherwise provided by statute, the formulated rules shall be applied in all cases where a class or classes of persons inherit together, viz; where all those who inherit together are in the same degree of relationship to the intestate, they shall take *per capita* or share equally; but where classes of persons of different degrees of relationship to the intestate *inherit together*, those of the class who are nearest in degree of relationship to the intestate shall take *per capita*, while those of the more remote class shall take *per stirpes* or by stocks, that is to say, the shares of their deceased parents. Only two generations or classes of inheritors in direct line are postulated here, and no question of relationship by half blood is involved. See Moore v. Conner, (Va.) 20 So. E. R. 936.

In this case all of the brothers and sisters of the intestate being dead, all of their children, they being the nieces and nephews of the intestate, are in the same degree of relationship to the intestate; and their parents being dead, they all inherit directly from the intestate and all take *per capita* or equal shares. The grand nieces and grand nephews take the shares which their deceased parents would have taken. See Blake v. Blake, 85 Ind. 65.

The intent of a valid statute is the law; and it is the province of the courts in appropriate judicial proceedings, to interpret and apply the statute so as to effectuate the law making intent; and a statute may expressly or by implication supersede the common law, and so become the controlling law within its proper sphere of operation, when no organic provision or principle is thereby violated.

General and comprehensive statutes that are designed to regulate an entire subject supersede all common law rules

in the premises, and the valid provisions of the statutes are the controlling law. The Florida statutes "regulating descents" are intended to cover the entire subject treated, and the common law canons of descent being "inconsistent with" the statutes, are abrogated in Florida. See Act of November 6, 1829, Section 71, Rev. Gen. Stats., 1920, Sec. 87, Compiled General Laws, 1927. See Gilchrist v. Filyau, 2 Fla. 94, test 97; 18 C. J. 808; Gardner v. Collins, 2 Pet. (U. S.) 58, 7 L. ed. 347; Browne v. Tuberville, 2 Call (Va.) 390; Templeman v. Steptoe, 1 Munf. (Va.) 339; Davis v. Rowe, 6 Rand. (Va.) 355; Garland v. Harrison, 8 Leigh (Va.) 368, text 371. The common law yields to the implied meaning of a statute, as well as to its expressed provisions. Estate of Nigro, 172 Cal. 474, text 480, 156 Pac. R. 1019. The statutes "regulating descents," Act November 17, 1829, as amended, Sects. 3618, 3620-3626 and Sects. 5843-5490, Compiled General Laws, 1927, define the classes who shall inherit and also contain rules of apportionment or distribution between several classes who inherit together, thereby indicating the principles of apportionment or distribution in the inheritance of property, where apportionment is necessary or appropriate, and as there is nothing to manifest a contrary intent such principles of apportionment or distribution should be applied to cases where several persons inherit together, though it develops that the statements of the rules of apportionment contained in the statutes, are not co-extensive with the defined statutory lines of descent, since the classes who shall inherit being expressly defined, the indicated rules of apportionment or distribution are designed to establish the principles that shall govern when apportionment or distribution is appropriate between persons or classes of persons who inherit together.

The court decreed that all of the brothers and sisters being dead at the death of the intestate, the living nieces and

nephews of the intestate take per capita or equally among themselves, they all being in the same degree of relationship to the intestate; and that the grand nieces and grand nephews of the intestate, being in a class more remote, with living persons in the nearer class, take *per stirpes* or the shares of their deceased parents, respectively. This is correct. See Davis v. Rowe, 6 Rand. (Va.) 355; Balch v. Stone, 149 Mass. 39, 29 N. E. R. 322; Aull v. Day, 133 Mo. 327, 34 So. W. R. 578; Fisk v. Fisk, 60 N. J. Eq. 195, 46 Atl. R. 538; Kelly's Heirs v. McGuire, 15 Ark. 555; Houston v. Davidson, 45 Ga. 574; Blake v. Blake, 85 Ind. 65; Ewers v. Follin, 9 Ohio St. 327; Krout's Appeal, 60 Pa. St. 380. See also opinion of Circuit Judge George Couper Gibbs in Florida State Bar Association Law Journal, August, 1927, p. 51; 2 Muior's Institutes 537.

The decisions in McComas v. Amos, 29 McL. 132; Inglehart v. Holt, 12 App. Cas. (D. C.) 68; *In re* Swenson's Estate, 135 Minn. 135, 169 N. W. R. 253; Stent v. McLeod, 2 McCord's Ch. (S. C.) 354, were the results of controlling statutory provisions, not the absence of express enactments.

Other matters covered by the decree appealed from were properly decided; and the decree is in all respects affirmed.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion and judgment.

BROWN, J., absent on account of illness.