**THOMAS v. ATLANTIC COAST LINE R. CO.**

No. 13919.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

168

Wareing T. Miller, West Palm Beach, Fla., Clarence J. Brown, Jr., Miama, Fla., for appellant.

Parker Holt and James A. Franklin, Fort Myers, Fla., for appellee.

Before BORAH, STRUM, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

·This is an action for damages filed in the state court by appellant, C. A. Thomas, against the appellee, Atlantic Coast Line Railroad Company. The case was removed to the federal court, and on motion of the defendant in the court below the action was dismissed and plaintiff has appealed.

The facts disclosed by the pleadings, which are material for consideration on this appeal are substantially as follows:

That on the afternoon of February 20, 1951, a freight train of the appellee railroad was parked at the railroad depot in the town of Lake Harbor, Florida; that at said time and place the members of the train crew did, in a gross, willful and wantonly negligent manner, and with reckless disregard of appellee's duty to protect appellant against injury, and with an intention to invade a legally protected interest of the appellant, build, kindle, and set fire to a pile of debris in close proximity to the building occupied by appellant which was adjacent to the railroad track; that with further reckless disregard of appellant's property, the crew left the fire burning and departed from the scene without extinguishing it; that as a consequence, and as a proximate result of the aforementioned acts, the fire spread to a point where it endangered appellant's property; and further, that when the spread of the fire was brought to the attention of appellee's depot agent, he remained passive and was dilatory in reporting or remedying the situation despite the imminent danger to appellant's property and that as a result, the building caught fire and was destroyed together with its contents.

Prior to the destruction of the property, appellant had leased from appellee a portion of its land for the purpose of maintaining a building formerly used as a packing house. The lease-contract is made an exhibit to appellant's complaint, and provides that the annual rental shall be the nominal sum of $60 per year. Omitting others, not here necessary to mention, this lease contained the following stipulation:

"Third: That Lessee shall and will indemnify and save harmless Lessor, it successors and assigns, against any and all claims, demands, suits, judgments and sums of money accruing to Lessee or to any person or persons against Lessor, for the loss of or damage to said building, its contents or any property placed on or stored in the said premises, whether the same is the result of fire caused by negligent emission of sparks from the locomotive engines of Lessor, or otherwise, however resulting."

Appellee relied upon this stipulation in the contract as exempting it from liability on account of the destruction of the property by fire, and its motion to dismiss setting up such defense was sustained. The propriety of the trial court's action in dis-

missing the complaint and entering judgment for appellee is the sole question presented on this appeal.

■ The contract was made in and was to be performed in Florida. It is, of course, to be governed by Florida law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In Florida the common law is enforced, except where it has been modified by competent governmental authority. Cummer Lbr. Co. v. Silas, 98 Fla. 1158, 125 So. 372, 374. There, an almost complete survival of the common law freedom of contract exists.[1] In Atlantic Coast Line Railway v. Beazley, 54 Fla. 311, 45 So. 761, 762, the Supreme Court of Florida said: "A contract is not void, as against public policy, unless it is injurious to the interests of the public, or contravenes some established interest of society." It is clearly inferable from the language of this opinion that Florida has no public policy against contracts exempting railways from liability for ordinary negligence. This is undoubtedly the prevailing view for it is generally recognized elsewhere that a common carrier may contract against ordinary negligence on its part when not acting in the capacity of a common carrier. Hartford Fire Ins. Co. v. Chicago, etc., R. Co., 175 U.S. 91, 20 S.Ct. 33, 44 L.Ed. 84; Santa Fe P. & P. Co. v. Grant Bros. Const. Co., 228 U.S. 177, 181, 33 S.Ct. 474, 57 L.Ed. 787. We know of no Florida case construing the provision of the contract which appellee claims exempts it from all claims for damages from fire however resulting. In the absence of such controlling authority the meaning of the indemnity provision must be determined in the light of the well established rules of construction relating to written contracts.

■ It is the general rule that where the indemnity is not contracted for from an insurance company whose business it is to furnish indemnity for a premium under a contract, but is from one not in the indemnity business and as an incident of a contract whose main purpose is something else, the indemnity provision is construed strictly in favor of the indemnitor. Halliburton Oil Well Cementing Co. v. Paulk, 5 Cir., 180 F.2d 79, 84; Employers Cas. Co. v. Howard P. Foley Co., Inc., 5 Cir., 158 F.2d 363, 364; Williston on Contracts, Rev. Ed., Vol. 6, Sec. 1825 n. 8.

■ The appellant contends that the principle of construction known as *ejusdem generis* should be applied in determining what is included in the clause, "whether the same is the result of fire caused by negligent emission of sparks from the locomotive engines of Lessor, or otherwise, however resulting", and that the application of that rule would require a holding that the indemnity provision would cover only such loss, damage or injury as was occasioned by fire from negligent emission of sparks from locomotive engines, or kindred causes such as smoke, water, etc., negligently emitted from locomotive engines. With this contention we cannot agree. See Franklin Fire Ins. Co. v. Chesapeake & O. Ry. Co., 6 Cir., 140 F.2d 898; Ætna Ins. Co. v. Atlantic Coast Line R. Co., 4 Cir., 79 F.2d 463, certiorari denied, 56 S.Ct. 442, 297 U.S. 704, 80 L.Ed. 992; Southern Ry. Co. v. Stearns Bros., Inc., 4 Cir., 28 F.2d 560. In our opinion the provision in question is not ambiguous or uncertain, and leaves no room for construction by the court. It says in plain language that the railroad shall not be liable for loss or damage to lessee's building or any contents of the leased premises, whether same is the result of fires caused by negligent emission of sparks from locomotives or otherwise, however resulting. This provision further recites in broad and comprehensive language that the lessee will indemnify and hold the railroad harmless against any and all claims, suits, judgments or demands in connection therewith. We think in view of the surrounding circumstances and of the express provision in the contract that the privilege accorded by the lease shall be enjoyed solely at the risk of appellant, that it was unquestionably the intention of the contracting parties to exempt appellee rail-

1. Cf. Ireland v. Craags, 5 Cir., 56 F.2d 785, 787.

road from liability for ordinary negligence in respect to all claims from fire regardless of origin or however resulting.

We do not at all agree with appellee's contention that the indemnity provision was intended to apply to cases including willful or wanton negligence. We find no language therein that is so clear and explicit as to compel a conclusion that the parties intended to exculpate the railroad from the consequences of its own willful or wanton negligence. But conceding *arguendo* that the contract should be construed precisely as appellee contends, we do not see how appellee's position would be helped thereby. For if it could be said that the lease agreement did propose to exempt the railroad from liability for the consequences of a willful breach of duty it would, to that extent be illegal. Cf. Ringling Bros-Barnum & Bailey Combined Shows, Inc. v. Olvera, 9 Cir., 119 F.2d 584; Greenwich Ins. Co. v. Louisville & N. R. Co., 112 Ky. 598, 66 S.W. 411, 67 S.W. 16, 56 L.R.A. 477; Restatement of Contracts, § 575; Williston on Contracts, Rev. Ed., Vol. 6, Sec. 1751B.

The complaint is susceptible of the construction that the appellee railroad was guilty of willful or wanton negligence. The sharp and technical condemnation of pleadings that once obtained does not now exist.[2] Cases are generally to be tried on their proofs rather than the pleadings and there was no justification for dismissing the complaint on the merits unless it appeared to a certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim. The test is whether the complaint, construed in the light most favorable to the plaintiff and with every intendment resolved in his favor, is sufficient to constitute a valid claim.

The facts as set out in the complaint may prove to be such as to constitute willful or wanton negligence, and again they may not. This furnishes a question to be heard on the merits and the court erred for dismissing the cause of action on the pleadings.

The judgment of the District Court is reversed and the cause is remanded for further proceedings in conformity with this opinion.

Reversed and Remanded.

2. Cf. Official Form 10, Federal Rules of Civil Procedure, 28 U.S.C.A.