**C. R. SHAW, Jr., Plaintiff,**

v.

**ARMOUR AND COMPANY, an Illinois corporation, Defendant.**

**Civ. A. No. 699.**

United States District Court
N. D. Florida,
Tallahassee Division.
Aug. 10, 1959.

**214**

Wm. A. O'Bryan, Ausley, Ausley & McMullen, Tallahassee, Fla., for plaintiff.

Roy T. Rhodes, Horne & Rhodes, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

Plaintiff, a shade tobacco grower, alleged in his complaint that as a result of the use of defendant's fertilizer the yield and quality of his 1958 crop was impaired. The gravamen of the complaint is that pursuant to his order defendant failed to deliver fertilizer according to the agreed specifications, in that the main organic nitrogen component was derived from other than cotton seed meal. He seeks compensatory and punitive damages.

By motion to dismiss for failure to state a claim the defendant insists that the complaint has a fatal deficiency in that it does not track the statutory requirements of Chapter 576 (F.S.A. 1957); principally, in that it fails to allege a chemical analysis was made of the fertilizer. Reliance is made upon Atlantic & Gulf Fertilizer Company v. Mayo-Lyles Store, 97 Fla. 1, 119 So. 513, wherein it was said that statutes in effect when the fertilizer was sold constituted a part of the contract. But the ultimate position of the defendant is admitted to be that the Fertilizer Inspection Act (Chapter 576, F.S.A.1957) is now the exclusive remedy by which an aggrieved may proceed for damages. Diametrically in opposition to this, the plaintiff says the Legislature has not abolished his common law remedy. Therein lies the scope of this inquiry.

A statute may expressly repeal the common law and may impliedly supersede the common law, and thus become controlling in its sphere of operation where it is so general and comprehensive as to regulate the entire subject matter. Broward v. Broward, 96 Fla. 131, 117 So. 691. But, except where so modified, the common law prevails in Florida (F.S.A. § 2.01, 1957) Thomas v. Atlantic Coast Line Railroad Company, 5 Cir., 201 F.2d 167.

An examination of the Florida Fertilizer Inspection Act (F.S.A. § 576.01 et seq. 1957) manifests a desire by the Legislature to regulate the sale of commercial fertilizer products by re-

quiring each manufacturer thereof to guarantee the analysis of each lot offered for sale, which guarantee is exhibited by the "inspection tag". Inspection is made by the office of the Commissioner of Agriculture, which through periodic sampling makes a chemical analysis. When that analysis indicates a purchaser has been defrauded, he is entitled to certain statutory penalties against the manufacturer. Generally, such penalties are double the commercial value of the actual deficiency in plant food or minerals. The only purpose of those penalties is to make the defrauded purchaser whole as to the value of the fertilizer, not against loss resulting from the use of it. In addition to civil sanctions, there are criminal penalties and injunctive proceedings for non-compliance.

The chapter, then, is a regulatory measure in the legitimate scope of state activity, 2 Am.Jur.Agriculture, Section 45. Nowhere in it is there a direct expression that it shall be the exclusive remedy of a defrauded purchaser. Plainly, it does not supersede any common law remedies available for compensatory damages arising from application to crops. Indeed, the only penalty damages arising from non-compliance with the guarantee of the "inspection tag" are for deficiencies. It is scarcely tenable to contend that a negligent overconcentration of plant food than was specified for a given quantity of fertilizer would leave an aggrieved purchaser without remedy at all for any resulting damage. Yet, such would be the inevitable situation upon application of the defendant's theory here.

The import of Chapter 576 is to provide a well delineated method of redress with carefully circumscribed standards of proof and specifically limited damages, which can be readily determined by strict adherence to the statute. It is a cumulative remedy, not an exclusive one. The common law remedy remains. The burden of proof under the common law is, indeed, a heavy one, due to diverse factors inherent in production of crops. See Atlantic & Gulf Fertilizer Company v. Mayo-Lyles Store, supra, 119 So. at page 516. Because of the chasms and peaks between allegata and probata, however, the road to recovery is not automatically barricaded by Chapter 576.

Appropriate order in conformity with this Memorandum-Decision has been entered heretofore.